**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY FU,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; MATTHEW P. SULLIVAN, an individual and in his official capacities,<br><br>　　　　　Defendants-Appellees,<br><br>　and<br><br>DEMAS WAI YAN, Esquire; et al.,<br><br>　　　　　Defendants. | No.　21-15423<br><br>D.C. No. 4:18-cv-04668-JST<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted May 17, 2022**

Before:　CANBY, TASHIMA, and NGUYEN, Circuit Judges.

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tony Fu appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging various claims related to his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Thomas v. Ponder*, 611 F.3d 1144, 1149 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Fu's due process claim because Fu failed to raise a genuine dispute of material fact as to whether his arrest lacked probable cause. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (explaining probable cause standard); *see also Ewing v. City of Stockton*, 588 F.3d 1218, 1224-25 (9th Cir. 2009) ("If the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause.").

The district court properly granted summary judgment on Fu's excessive bail claim because Fu failed to raise a triable dispute as to whether his bail was calculated "for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set." *Galen v. County of Los Angeles*, 477 F.3d 652, 661 (9th Cir. 2007).

The district court properly granted summary judgment on Fu's conditions-of-confinement claims because Fu failed to raise a triable dispute as to whether the conditions of his pretrial detention amounted to a due process violation. *See*

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (holding that challenges to conditions of pretrial detention are analyzed under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (explaining the objective deliberate indifference standard that applies to conditions-of-confinement claims).

The district court properly granted summary judgment on Fu's equal protection claim because Fu failed to raise a triable dispute as to whether his unequal treatment was based on an impermissible classification or whether the City intentionally and without any rational basis treated him differently from others similarly situated. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

The district court properly granted summary judgment on Fu's conspiracy claim because Fu failed to raise a triable dispute as to whether there was "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**